IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VERSATA SOFTWARE, INC., <br> f/k/a TRILOGY SOFTWARE INC. and <br> VERSATA DEVELOPMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INFOSYS TECHNOLOGIES LTD., <br><br> Defendant. | § § § § § § § § § § § § | Case No. 1:10-cv-00792 SS |

## AMENDED COMPLAINT AND
## VERIFIED APPLICATION FOR INJUNCTIVE RELIEF

Versata Software, Inc. and Versata Development Group, Inc., (together "Versata") files this Amended Complaint and Verified Application for Injunctive Relief against Infosys Technologies, Ltd. ("Infosys"); in support, Versata would respectfully show the Court the following:

### I.
### PARTIES

1.  Versata, formerly known as Trilogy Software, Inc., and Versata Development Group, Inc. are Delaware corporations whose principal places of business are in Austin, Texas.

2.  Infosys is an Indian corporation whose principal place of business is Plot No. 44 & 97A, Electronics City, Hosur Road, Bangalore India, 560 100. Infosys has appeared in this action.

### II.
### JURISDICTION

3.  The court has personal jurisdiction over Infosys because it engages in business in this district and throughout Texas. In addition, this Court has subject matter jurisdiction over this action because the damages sought by Versata are within the jurisdictional limits of the

Court. The court also has jurisdiction over this action because Defendant has appeared in this action and elected not to contest jurisdiction.

## III.
## VENUE

4. In accordance with 28 U.S.C. § 1391, venue is proper in the Austin Division of the Western District of Texas because a substantial part of the events giving rise to Versata's claims arose in such district and Defendant was subject to personal jurisdiction in such district at the time this action was commenced. Venue is also proper in this district because Defendant has appeared in this action and elected not to contest venue.

## IV.
## FACTS

5. Versata is a leading provider of e-business software to businesses throughout the United States. Infosys is a software company that is a direct competitor with Versata.

6. Ameriprise Financial, Inc. ("Ameriprise") is a Versata customer. Versata provides software licensing, development, and support and maintenance services to Ameriprise pursuant to various software consulting, development, and maintenance agreements. In the course of providing these services to Ameriprise, Versata conveyed to Ameriprise software information that is confidential to Versata and that qualifies as a Versata trade secret. This confidential software information includes Versata's proprietary Distribution Channel Management ("DCM") software product in both source code and object code form. Versata ensures the secrecy of this confidential information by maintaining the information is a secure format and by not disclosing the confidential software information to third parties without the protection of confidentiality and nondisclosure restrictions.

7. Infosys provides software development and maintenance services for companies

2

around the world. Versata and Infosys have entered into various license, consulting, and non-disclosure agreements providing Infosys with limited access to certain Versata confidential information pursuant to license agreements. None of these agreements, however, permit Infosys to decompile or reverse engineer Versata's source code. In particular, Section 4.10 of the December 10, 2003 Consultant Agreement between Versata and Infosys provides that Infosys shall not perform any work that would utilize Versata's confidential information. See **Exhibit A**. Section 2 of the August 27, 2001 Confidentiality and Nondisclosure Agreement between Infosys and Versata provides that Infosys cannot use Versata's confidential information for its own benefit. See **Exhibit B**. Section 3 of the Confidentiality and Nondisclosure Agreement also specifically prohibits Infosys from reverse engineering or decompiling Versata's software. **Id.**

8.   In September of 2003, Versata and Infosys entered into a Technology License Agreement. This Agreement permits Infosys to use Versata's confidential technology for limited purposes and only with respect to providing services to certain "Approved Entities" as defined in the Agreement. Ameriprise was never designated as an "Approved Entity" under the Technology License Agreement.

9.   The Technology License Agreement sets forth several express restrictions on Infosys's use of Versata's technology. The Agreement specifies that Infosys' access to and use of Versata's technology is limited to that which is reasonably necessary for Infosys to perform work for qualifying Approved Entities, work for which Infosys is obligated to pay Versata a royalty. See **Exhibit C, § 2(j)**. The Agreement states in Section 2(m) that Versata's source code may be accessed by Infosys only at business locations for Versata, Infosys, or an Approved Entity under the Agreement. **Id.** Section 3(a) of the Technology License Agreement states that any use of Versata's technology for any purpose other than CML programming or training shall

3

be an infringement of Versata's intellectual property rights and shall constitute a material breach of the Agreement. See **Exhibit C, § 3(a)**. Section 5(c) of the Technology License Agreement further provides that even after expiration of the Agreement, Infosys shall not perform any competitive work that would utilize Versata's technology. **Id. at § 5(c)**. And, Section 5(d) of the Agreement requires Infosys to maintain and enforce written confidentiality agreements with each of its employees who utilize Versata's confidential technology. **Id. at §§ 5(d) and 8(g)**.

10.   In addition to the above restrictions, Section 8 of the Technology License Agreement sets for several express prohibitions on Infosys' ability to use Versata's confidential information. Section 8(b) of the Agreement defines Versata's confidential information to be all Versata software. See **Exhibit C, § 8(b)**. Subsection (c) of Section 8 provides that Infosys may use Versata's confidential information only in connection with the provision of services under the Technology License Agreement. **Id. at § 8(c)**. Subsections (d) and (e) are even more specific, and prohibit Infosys from copying, reproducing, disassembling, decompiling, or reverse engineering Versata's confidential information. **Id. at §§ 8(d) and (e)**.

11.   In addition to agreeing to the express restrictions on its use of Versata's technology, Infosys agreed in the Technology License Agreement that Versata owns all right, title, and interest in all Versata software, including any modifications or derivative works of the same. See **Exhibit C, § 7(a)**. Infosys also agreed that Versata owns all inventions, ideas, code, and materials produced by Infosys which are derived from or based on Versata's confidential software and source code. **Id. at § 7(b)**.

12.   Infosys, acting through its agents and employees, improperly accessed, utilized, copied, disassembled, and decompiled Versata's confidential source code in 2008 and 2009. In 2008, Infosys was providing software maintenance services for Ameriprise at the same time that

Versata provided software services to Ameriprise. Infosys' agents and employees, working on Versata's code base at Ameriprise, decompiled Versata's DCM source code and created new code for the benefit of Infosys. More specifically, Infosys decompiled a Versata stock class file and copied some of the code and created a custom class file. The stock class file was titled "FSTeamValidator.java" and was decompiled to a custom class file titled "FSTeamPartyValidator.java." Infosys did not have permission or authorization from Versata to access and decompile Versata's confidential source code.

13.     In addition to copying and decompiling the "FSTeamValidator.java" file, Infosys also wrongfully copied and decompiled Versata's "InputSegmentor.java" file at Ameriprise. An email was sent by Infosys employee Deep Kulshreshtha from the email address "Deep_Kulshreshtha@infosys.com" on Mon, Nov 3, 2008 at 4:53 PM to Abhinesh Sikka and others stating that Mr. Kulshreshtha had decompiled InputSegmentor.java. Mr. Sikka is a software programmer/coder for Versata who worked on the Ameriprise project. Infosys did not have permission or authorization from Versata to access and decompile Versata's confidential "InputSegmentor.java" file.

14.     In addition to the "FSTeamValidator.java" and "InputSegmentor.java" files, Versata believes that Infosys has wrongfully copied and/or decompiled other confidential Versata software files at Ameriprise, as well as at Boeing, Waddell & Reid, Reynolds and Reynolds, and Mass Mutual. Because discovery is ongoing, Versata has not yet been able to specifically identify which confidential Versata files have been copied or decompiled by Infosys.

15.     The source code/software files decompiled by Infosys contain the distribution channel management validations and functions. These validations and functions, as well as the combination of these same validations and functions, qualify as Versata trade secrets. The

software files decompiled and copied by Infosys contain multiple implementations of validations and functions that are unique and proprietary to Versata. Each validation and function that is unique or specific to Versata, as well as the software containing the same, is a Versata trade secret. Further, the source code that contains the combination of Versata-specific validations and functions with other validations specific to Versata's customers are also Versata trade secrets.

16. Although Versata's proprietary validations exist in tangible form as source code, Versata also contends that the functions performed by these proprietary validations qualify as Versata trade secrets. All software containing these validations, whether standing alone or in combination with other validations, is confidential and qualifies as a Versata trade secret.

17. The proprietary validations contained in Versata's software are unique in that prior to Infosys wrongful conduct in decompiling Versata's code, no competitor of Versata offers validations with the same functionality and in the same software code. The functionality provided by the validations is an integral part of the performance of Versata's distribution channel management software and provides Versata with a competitive advantage over its competitors who do not or cannot provide the same software functionality.

18. McCamish Systems is an affiliate or subsidiary of Infosys. McCamish Systems is a competitor of Versata that offers software products and services relating to compensation management that perform or incorporate some of the same functions performed by the Versata software files that were decompiled and copied by Infosys. McCamish did not begin to market or offer to its customers software products and services relating to the code or functionality found in the Versata software files until after Infosys had wrongfully decompiled and copied Versata's software files.

19. Infosys has been engaged to provide support and development services around

Versata's products at Boeing, Waddell & Reid, Reynolds and Reynolds, and Mass Mutual. Infosys' wrongful copying and decompilation of Versata's confidential code and the creation of new code benefitted Infosys because it enabled Infosys to provide maintenance, support, and development services on Versata's products for these customers. By decompiling Versata's source code and using that information to create new custom code for its own benefit, Infosys not only misappropriated and unfairly used Versata's code, Infosys also learned about the functionalities and capabilities of Versata's code, thereby allowing Infosys to provide the same functionality and capabilities in the code that it developed for Boeing, Waddell & Reid, Reynolds and Reynolds, and Mass Mutual.

20. In addition, the copying and decompilation of Versata's code and the creation of new code benefitted Infosys because it enabled Infosys to provide development services for Versata's customers. Specifically, by decompiling Versata's validator files and creating new customized class files with the same validation functionality, Infosys was able to provide its customers with a validation functionality that Infosys did not possess. At a minimum, Infosys was able to provide a benefit to its customers without incurring the time and expense of independently developing software code that provided similar functionality.

21. Infosys's wrongful conduct has had a significant impact on Versata's ability to provide support and development services. Some customers like Reynolds and Reynolds have completely discontinued using Versata for support services and Versata has lost its contracts to provide support services. In other cases, Infosys has performed customer support services that would have been performed by Versata but for Infosys' conduct is misappropriating Versata's confidential source code. As a result, Versata has lost revenue under some contracts even if the contracts themselves are still in place. In the absence of Infosys' conduct in misappropriating

Versata's trade secrets, Versata would not have lost the opportunity to continue to provide full support services to the above customers.

22. Despite its obligations under the various agreements with Versata, Infosys breached these agreements by decompiling Versata's confidential source code. Infosys' conduct also amounts to unfair competition and to misappropriation of Versata's trade secrets.

## V.
## CAUSES OF ACTION

**A. Declaratory Judgment**

23. All allegations are incorporated herein by reference for all purposes.

24. In accordance with F.R.C.P. 57 and 28 U.S.C. § 2201, a justiciable controversy exists between Versata and Infosys regarding Infosys' appropriation and use of Versata's confidential trade secrets and Infosys' failure to comply with its obligations under the agreements with Versata. Versata, therefore, seeks a judicial declaration that:

(a) Versata's source code is confidential to Versata and is a trade secret;

(b) Infosys accessed and decompiled Versata's confidential source code in 2008 and 2009;

(c) the December 10, 2003 Consultant Agreement, the August 27, 2001 Confidentiality and Nondisclosure Agreement, and the Technology License Agreement are valid and enforceable agreements;

(d) Infosys did not have permission or authorization to access and decomplile Versata's confidential source code;

(e) Infosys breached the Consultant Agreement, the Confidentiality and Nondisclosure Agreement, and the Technology License Agreement by accessing and decompiling Versata's confidential source code; and

8

(f) Infosys wrongfully misappropriated and used Versata's trade secrets by accessing decompiling Versata's source code.

**B.   Breach of Contract**

25. All allegations are incorporated herein by reference for all purposes.

26. As set forth above, the Consultant Agreement, the Confidentiality and Nondisclosure Agreement, and the Technology License Agreement set forth express restrictions on Infosys' ability to access, use, and decompile Versata's confidential information. Infosys breached these agreements by decompiling Versata's source code and creating new code for the benefit of Infosys. Infosys also breached these agreements by unfairly performing work that was competitive with Versata using Versata's technology.

27. Versata, therefore, seeks damages from Infosys in an amount in excess of the jurisdictional limits of this Court for Infosys' breach of the Consultant Agreement, the Confidentiality and Nondisclosure Agreement, and the Technology License Agreement.

28. Versata has satisfied all conditions precedent to its right to bring this cause of action.

**C.   Misappropriation of Trade Secrets**

29. All allegations are incorporated herein by reference for all purposes.

30. As set forth above, Versata's source code is confidential and qualifies as a Versata trade secret because Versata had taken extensive steps to protect the secrecy of the information, including but not limited to maintaining the information in a secure manner and in ensuring that the information is disclosed only to parties bound by confidentiality agreements. Infosys had actual knowledge that this information is confidential and is a Versata trade secret. Nevertheless, Infosys knowingly and willfully misappropriated and used Versata's trade secrets and

confidential information in the development of a product for its benefit.

31.     Versata, therefore, seeks damages from Infosys in an amount in excess of the jurisdictional limits of this Court for the wrongful misappropriation and use of Versata's trade secrets and confidential information.

32.     Versata has satisfied all conditions precedent to its right to bring this cause of action.

**D.      Violation of the Texas Theft Liability Act**

33.     All allegations are incorporated herein by reference for all purposes.

34.     Infosys unlawfully appropriated property and unlawfully used and communicated trade secrets belonging to Versata as prohibited by Texas Penal Code § 31.05. Pursuant to Texas Civil Practice and Remedies Code § 134.003, Infosys is liable for all damages resulting from these wrongful acts.

35.     Pursuant to § 134.005, Versata shall be awarded court costs and reasonable and necessary attorney's fees.

**E.      Conversion**

36.     All allegations are incorporated herein by reference for all purposes.

37.     As set forth above, Versata's source code files are confidential Versata trade secrets and contain information and functions that qualify as Versata trade secrets. Infosys had actual knowledge that this information is confidential and qualify Versata trade secrets. Nevertheless, Infosys knowingly and intentionally converted Versata's information for its own use and benefit.

38.     Versata, therefore, seeks damages from Infosys in an amount in excess of the jurisdictional limits of this Court for the conversion of Versata's trade secrets and confidential

information.

39. Versata has satisfied all conditions precedent to its right to bring this cause of action.

### F. Tortious Interference with Contract

40. All allegations are incorporated herein by reference for all purposes.

41. Versata had or has enforceable agreements with Ameriprise, Boeing, Waddell & Reid, Reynolds & Reynolds, and Mass Mutual to provide software development and maintenance services. Infosys, however, has tortuously and unjustifiably interfered with Versata's contract and contractual relations by engaging in the tortuous conduct of misappropriating Versata' source code in an effort to steal maintenance, support, and development work from Versata.

42. Versata, therefore, seeks damages from Infosys in an amount in excess of the jurisdictional limits of this Court for its tortious interference with Versata's contract and contractual relations with Ameriprise, Boeing, Waddell & Reid, Reynolds & Reynolds, and Mass Mutual.

43. Versata has satisfied all conditions precedent to its right to bring this cause of action.

### G. Unjust Enrichment

44. All allegations are incorporated herein by reference for all purposes.

45. As set forth above, Versata owns the source code and technologies that Infosys wrongfully misappropriated and used in creating a new class of code for its benefit and in providing maintenance, support, and development services for joint customers. Infosys, therefore, used Versata's property to obtain benefits for Infosys in the form of revenue from the

joint customers.

46. Versata, therefore, seeks restitution in the form of unjust enrichment for the value provided to Infosys by the wrongful use of Versata's trade secrets and confidential information.

47. Versata has satisfied all conditions precedent to its right to bring this cause of action.

**H.   Constructive Trust**

48. All allegations are incorporated herein by reference for all purposes.

49. As set forth above, because Infosys has wrongfully misappropriated and used Versata's trade secrets and confidential information, Versata is entitled to have a constructive trust imposed on all technologies and products developed by Infosys using Versata's trade secrets and confidential information, as well as all benefits and proceeds accruing to Infosys from the appropriation and use of Versata's trade secrets and confidential information.

**I.   Unfair Competition/Common Law Misappropriation**

50. All allegations are incorporated herein by reference for all purposes.

51. Versata created its technology through extensive time, labor, skill, and money. Infosys' use of that technology in competition with Versata allowed Infosys to gain a special advantage in that competition, as Infosys is burdened with little or none of the expense incurred by Versata. As a result, Versata has suffered commercial damages from Infosys' unfair use of Versata's technology.

## VI.
## PUNITIVE DAMAGES

52. All allegations are incorporated herein by reference for all purposes.

53. Infosys acted willfully, maliciously, and grossly negligently by misappropriating and wrongfully using Versata's trade secrets and confidential information. Infosys has also acted

willfully, maliciously, and grossly negligently by intentionally and tortiously interfering with Versata's agreements with Ameriprise, Boeing, Waddell & Reid, Reynolds and Reynolds, and Mass Mutual. Versata, therefore, is entitled to recover exemplary damages from Infosys.

54. Versata has satisfied all conditions precedent to its right to bring this cause of action.

## VII.
## ATTORNEYS' FEES

55. As a result of Infosys' wrongful conduct, Versata has been required to retain the undersigned law firm to prosecute this action. Consequently, in accordance with Sections 37.009 and 38.001 of the Texas Civil Practice and Remedies Code, Versata is entitled to recover its costs and reasonable and necessary attorney's fees from Infosys.

## VIII.
## APPLICATION FOR PRELIMINARY INJUNCTION ORDER

56. In accordance with F.R.C.P. 65 and the principles of equity, Versata is entitled to injunctive relief and requests a preliminary injunction order from the Court ordering:

(a) Defendant to cease and desist from in any way using Versata's trade secrets and confidential information relating to Versata's source code; in particular, to cease and desist from using any source code based in whole or in part on Versata's stock class files titled "FSTeamValidator.java" or "InputSegmentor.java;"

(b) Defendant to cease and desist from any development work on any Infosys products that are based on or incorporate any trade secrets and confidential information relating to the Versata's source code or the proprietary functionality contained in such code;

(c) Defendant to cease and desist from using any product that is based on or is derived from, in whole or in part, the information that Infosys obtained in decompiling Versata's

source code;

(d)  Defendant to cease and desist from providing software development and maintenance services for Ameriprise, Boeing, Waddell & Reid, Reynolds and Reynolds, and Mass Mutual; and

(e)  Defendant to cease and desist from disclosing or otherwise publishing any of Versata's trade secrets and confidential information.

57.  It is probable that Versata will recover from Defendant after trial on the merits, because Infosys undeniably had knowledge that Versata's source code was confidential and a trade secret, yet Infosys accessed and decompiled Versata's source code to create code for its own benefit.

58.  If Versata's application is not granted, harm is imminent, because Infosys is now using its code based on Versata's confidential source code and is presently benefiting from and will continue to seek to benefit from the wrongful appropriation and use of Versata's trade secrets and confidential information. In addition, because of the difficulty of calculating the damages that have been caused and are being caused to Versata by Infosys' conduct, Versata has and will suffer irreparable harm, and has no adequate remedy at law. Moreover, issuance of an injunction is in the public interest.

59.  Versata asks the court to set its application for preliminary injunction for a hearing, and after hearing the application, issue a preliminary injunction against Infosys.

## IX.
## BOND

60.  Versata is willing and prepared to provide security in an amount this Court deems appropriate in accordance with F.R.C.P. 65.

# X.
# REQUEST FOR PERMANENT INJUNCTION

61. Versata asks the court to set its request for permanent injunction for a full trial, and after the trial, issue a permanent injunction against Infosys.

# XI.
# CONDITIONS PRECEDENT

62. All conditions precedent to Versata's right to bring this action have been performed or have occurred.

# XII.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Versata prays for the following:

1. a judicial declaration that:

(a) Versata's source code is confidential to Versata and is a trade secret;

(b) Infosys accessed and decompiled Versata's confidential source code in 2008;

(c) the December 10, 2003 Consultant Agreement, the August 27, 2001 Confidentiality and Nondisclosure Agreement, and the Technology License Agreement are valid and enforceable agreements;

(d) Infosys did not have permission or authorization to access and decomplile Versata's confidential source code;

(e) Infosys breached the Consultant Agreement, the Confidentiality and Nondisclosure Agreement, and the Technology License Agreement by accessing and decompiling Versata's confidential source code;

(f) Infosys engaged in unfair competition with Versata by misappropriating and using Versata's trade secrets in competition with Versata; and

(g) Infosys wrongfully misappropriated and used Versata's trade secrets by accessing

15

decompiling Versata's source code.

2. an award of damages from Defendant for their misappropriation and use of Versata's trade secrets and confidential information, and for their conversion of Versata's trade secrets and confidential information, and for Defendant's unfair competition;

3. an award of damages from Infosys for its breach of the agreements with Versata;

4. an award of damages from Infosys for its tortious interference with the agreements between Versata and Ameriprise;

5. restitution from Defendant for its misappropriation and use of Versata's trade secrets and confidential information;

6. an award of prejudgment and post-judgment interest;

7. an award of Versata's reasonable and necessary costs and attorneys' fees;

8. an award of exemplary damages from Defendant;

9. a preliminary injunction order issued ordering:

(a) Defendant to cease and desist from in any way using Versata's trade secrets and confidential information relating to Versata's source code;

(b) Defendant to cease and desist from any development work on any Infosys products that are based on or incorporate any trade secrets and confidential information relating to the Versata's source code;

(c) Defendant to cease and desist from using any product that is based on or is derived from, in whole or in part, the information that Infosys obtained in decompiling Versata's source code;

(d) Defendant to cease and desist from providing software development and maintenance services for Ameriprise, Boeing, Waddell & Reid, Reynolds and Reynolds, and

Mass Mutual; and

    (e)    Defendant to cease and desist from disclosing or otherwise publishing any of Versata's trade secrets and confidential information.

    10.    a setting for a hearing of Versata's application for preliminary injunction;

    11.    upon hearing of Versata's application for preliminary injunction, a preliminary injunction issued for the injunctive relief as set forth above;

    12.    upon final trial, a permanent injunction issued for the injunctive relief as set forth above; and

    13.    an award of such other and further relief as Versata may show itself to be justly entitled.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
SBN 12458500
Travis C. Barton
SBN 00790276
Mark H. Domel
SBN 24003636
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093  Fax
Email: plochridge@mcginnislaw.com
         tcbarton@mcginnislaw.com
         mdomel@mcginnislaw.com


By: _____
Travis C. Barton
SBN 00790276

Demetrios Anaipakos
Steven Mitby
Amir Alavi
Ahmad, Zavitsanos & Anaipakos, P.C.
1221 McKinney St., Suite 3460
Houston, Texas  77010-2009
(713) 655-1101
(713) 655-0062 Fax
danaipakos@azalaw.com
smitby@azalaw.com
aalavi@azalaw.com

ATTORNEYS FOR TRILOGY SOFTWARE, INC.
and VERSATA DEVELOPMENT GROUP, INC.,

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David M. Barkan
Roger S. Borovoy
Fish & Richardson P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
(650) 839-5070
Fax: 650/839-5071
barkan@fr.com
borovoy@fr.com

*Counsel for Defendant Infosys Technologies Ltd.*

John Michael Gaddis
Martha Deacon Jones
Scott Cashion Thomas
Thomas H. Reger, II
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
214-747-5070
Fax: 214-747-2091
gaddis@fr.com
jones@fr.com
sthomas@fr.com
reger@fr.com

*Counsel for Defendant Infosys Technologies Ltd.*

W. Thomas Jacks
Fish & Richardson P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070
Fax: 512/320-8935
jacks@fr.com

*Counsel for Defendant Infosys Technologies Ltd.*

Travis C. Barton

## VERIFICATION

STATE OF TEXAS             §
                           §
COUNTY OF TRAVIS           §

On this day, Chris Smith appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said that he has read the above Amended Complaint and Verified Application for Injunctive Relief, and that the facts in it are within his personal knowledge and are true and correct.

*[signature]*
Chris Smith
Chief Operating Officer,
Versata Software, Inc. and Versata Development Group, Inc.

SWORN TO and SUBSCRIBED before me on the 21st day of July, 2011.

*[signature]*
Notary Public in and for the
State of Texas

18